UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIM. NO. 4:23-CR-30 CDL-MSH |
| vs. | : |
| | : |
| CAMERON ASANTE-BEDIAKO, | : |
| Defendant | : |
| | : |
| | : |
| _____ | : |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and *CAMERON ASANTE-BEDIAKO*, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

### (1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant the attorney's understanding of the Government's evidence.

### (2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands



that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

### (3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:



(A) The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Three of the Indictment which charges Defendant with Firearms Trafficking – Receipt in violation of Title 18, United States Code, Sections 933(a)(2) and (b).

(B) That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on Count Three to a maximum sentence of fifteen (15) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of not more than three (3) years for each count. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C) The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office. The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D) The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have

3

*CAD*
*WJK*

the opportunity to review the Presentence Investigative Report and challenge any facts reported therein. The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     **Waiver of Appeal Rights and Right of Collateral Attack:**

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective

4

CAB
WJK

assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(H)    Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.



(I) If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. The United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Count Three of the Indictment.

(B) If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to,

*CAB*
*WJK*

denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigative Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

7

*CAB*
*WJK*

On January 26, 2023, members of the Muscogee County Sheriff's Office (MCSO), FBI, and United States Marshalls Service (USMS) executed arrest warrants for Asante-Bediako at an apartment located at 3700 Bridgewater Road in Columbus, GA. Agents knocked on the front door, and Bediako answered the door while holding a Rock River Arms rifle, model LAR-6, bearing serial number TA1002605, the same as listed in the Indictment, in his hand. He then dropped the rifle once he observed law enforcement. Law enforcement entered the apartment, secured the Rock River AR-15 rifle, and asked Bediako about other guns in the apartment to which he replied "there is another gun in the bedroom closet, which is legal." He was then advised of his *Miranda* rights. The Rock River Arms rifle was one of three firearms previously stolen out of a MCSO investigator's vehicle in December 2022.

Following a consent search, Investigators then located a Diamondback Firearms AR-15, serial number DB2493288 (not reported stolen), several extended magazines and rounds of ammunition in the master bedroom. Agents searched a Saks Fifth Avenue bag located in the master bedroom closet which contained a fraudulent check, a social security card, and several credit cards that did not belong to Bediako or his girlfriend. Agents also located a window punch tool, a common tool used to break into cars by smashing car windows, inside the Saks bag. Bediako confirmed the Saks bag belonged to him. Further investigation revealed Bediako bought the stolen Rock River rifle from co-defendant Mathis and he knew Mathis sold stolen firearms. At the time the firearms were seized by law enforcement from Bediako, the Rock River Arms rifle had a barrel length of 23.5 inches and the Diamondback rifle measured at 23.25 inches.



An expert with FBI examined the Rock River, model LAR-6, AR-15 rifle, bearing serial number TA1002605 and determined it was made in Illinois; thus, it travelled in interstate commerce. The investigation also revealed the barrel and upper receiver on the Rock River rifle was changed after the firearm was stolen from the MCSO Investigator. In its current form, the firearm is considered a short barrel rifle under 26 USC § 5845 (a)(4) since it was converted from a rifle to a pistol and measures less than 26 inches in overall length.

Defendant admits and agrees that all allegations contained in Count Three of the Indictment are true and correct, and that all the elements necessary for conviction on this count have been established beyond a reasonable doubt.

### (8)

### ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 13 day of February, 2024

PETER D. LEARY
UNITED STATES ATTORNEY

BY: _____
CHRISTOPHER WILLIAMS
ASSISTANT UNITED STATES ATTORNEY

I, CAMERON ASANTE-BEDIAKO, have read this agreement and had this agreement read to me by my attorney, WILLIAM KENDRICK. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
CAMERON ASANTE-BEDIAKO
DEFENDANT

I, WILLIAM KENDRICK, attorney for Defendant CAMERON ASANTE-BEDIAKO, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
WILLIAM KENDRICK
ATTORNEY FOR DEFENDANT